Dissenting Opinion.
Fenner. J.
The general rule unquestionably is, that, the jurisdiction of a court over a cause, is determined by the allegations of tiic plaintiff’s petition, but I am satisfied that, under the provisions of the Revised Statutes, Secs. 2155 and 3156, the law has established an exception .to this rule. The first Section invests the City Courts with the general jurisdiction, at the demand of the landlord, to eject tenants whose leases have terminated, either by limitation or by any breach thereof. Specific allegations are not generally made in the formulation of claims before such courts; but the Section requires none except that the lease is terminated, and such pleading would present no test of jurisdiction. But Sec. 2156 provides that, “ whenever the monthly or yearly rent paid by tiie tenant, or the lease which he shall allege to hold, shall exceed the sum of $100, then the summary proceedings allowed by the preceding Section shall be instituted and carried on before the District Court.”
Thus, it is apparent that, on the face of the pleadings, the test of jurisdiction is to be found, not in the claim of the landlord, but in the pretensions of the tenant.
*1145 When, in answer- to such a claim before a City Court, the tenant allei/es that he holds a lease exceeding $100, in monthly or yearly rental, how is it possible that such court should exercise jurisdiction expressly and exclusively conferred, by the terms of the statute, upon the District Court? The reasons of the law-maker are obvious. When such a claim is presented by the tenant, a controversy is, at once-, created, involving more than $100, and exceeding the jurisdiction of the City Court.
The pretension that the City Court can maintain its jurisdiction over such a controversy, by hearing evidence and deciding the controversy adversely to the tenant, seems to me, to the last degree, untenable.
I admit the difficulty arising from the case, with which proper jurisdiction may be defeated by false and fraudulent allegations, and it would, doubtless, have been wise for the legislator to have provided against it by requiring the tenant’s answer to be sworn to, or by other proper regulation; but he has not done so, and Judges should obey his mandate. *
I apprehend that evil consequences of a much graver character may flow from the doctrine now approved by the Court.
It practically invests these inferior courts with power to' determine, 'in the last resort, all controversies between landlord and tenant, touching the existence and validity of leases of whatever value. A landlord desirous of obtaining possession of property of the rental value of $10,000 per annum, institutes his ejectment process before the City Court. The tenant sets up a lease. of that value. The court hears evidence and decides against the defendant. His judgmentis instantly executed hy the ejectment of the tenant. What remedy exists? No appeal lies from the decisions of these courts to any tribunal. Prohibition affords no relief as this Court now decides. Certiorari would be equally ineffectual, because the testimony before these courts is not reduced to writing, and the record certified to this Court would afford no means of testing the correctness of the Judge’s action.
I cannot assent to an interpretation of the law leading to such possible results, and, therefore, dissent from the opinion and decree.